UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BERWICK CLINIC COMPANY, L.L.C.

No. 22-45589
Chapter 11
Hon. Lisa S. Gretchko

    Debtor.

# AMENDED
## CERTIFICATE OF NON RESPONSE REGARDING MOTION OF DEBTOR TO REJECT CERTAIN LEASES, AND FOR RELATED RELIEF

Debtor states:

## JURISDICTION AND VENUE

1. No objections have been filed to the motion and the time to respond has expired.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

    Respectfully submitted,
    /s/ Robert Bassel
    Robert Bassel (P48420)
    Counsel for Debtor
    PO Box T
    Clinton, MI 49236
    248.677.1234
    bbassel@gmail.com

Dated: 9.27.2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BERWICK CLINIC COMPANY, L.L.C.

Debtor.

No. 22-45589
Chapter 11
Hon. Lisa S. Gretchko

**ORDER GRANTING MOTION OF DEBTOR TO REJECT CERTAIN
LEASES AND FOR RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "**Debtor**"), pursuant to § 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, for entry of an order (i) authorizing the Debtor to reject certain leases, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or

---

[1] References in this Order to terms not defined in this Order shall have the meanings set forth in the underlying Motion.

further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court, there being no unresolved objections; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. With respect to the Old Leases as defined in the Motion, the Debtor has met all requirements of Section 365 of the Bankruptcy Code. The Old Leases are comprised of the following leases:

    A.    Albert Alley DO
            301 W 3rd St, Berwick, PA 18603
            Berwick, PA 18603

    B.    Berwick Medical Development, LLC
            751 East 16th Street

        Berwick, PA 18603

        for Suite 100 and Suite 400,
        751 East 16th Street
        Berwick, PA18603

C.    Peter H. and Jennifer Seidenberg
       11872 Longfellow Circle,
       Shreveport, LA 71106

       for 3151 Columbia Blvd,
       Bloomsburg PA 17815

D.    First Keystone Corporation
       111 West Front Street
       Berwick, PA 18603

       for 109 S. Main Street
       Shickshinny PA 18655

4.    Pursuant to section 365 of the Bankruptcy Code, the Old Leases referenced in the Motion are rejected by the Debtor.

5.    Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor;  or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

6.  The Debtor is authorized to take any and all action necessary to effectuate the relief granted in this Order.

7.  The findings of fact and conclusions of law stated herein will constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later will be determined to be a conclusion of law, it will be so deemed, and to the extent any conclusion of law later will be determined to be a finding of fact, it will be so deemed.

8.  This Court shall retain jurisdiction to interpret and enforce this Order and enter such further Orders necessary to effectuate the terms of this Order.

9.  This Order shall be effective immediately, notwithstanding any procedural provision in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the relevant local rules or otherwise.