UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BERWICK CLINIC COMPANY, L.L.C.

No. 22-45589
Chapter 11
Hon. Lisa S. Gretchko

Debtor.

# CERTIFICATION OF NON RESPONSE REGARDING MOTION OF DEBTOR TO ASSUME INFRAHEALTH EXECUTORY CONTRACT, AND FOR RELATED RELIEF

Debtor states:

1. The time to object to the motion has expired and no objections have been filed to the underlying motion. The proposed Order which is attached also incorporates the Debtor's representation that Infrahealh, a related entity, will provide its services at no cost to the estate.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Respectfully submitted,
/s/ Robert Bassel
Robert Bassel (P48420)
Counsel for Debtor
PO Box T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com

Dated: 9.27.2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BERWICK CLINIC COMPANY, L.L.C.

Debtor.

No. 22-45589
Chapter 11
Hon. Lisa S. Gretchko

**ORDER GRANTING MOTION OF DEBTOR TO ASSUME
INFRAHEALTH CONTRACT AND FOR RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "**Debtor**"), pursuant to § 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, for entry of an order (i) authorizing the Debtor to assume the Infrahealth Contract, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been

---

[1] References in this Order to terms not defined in this Order shall have the meanings set forth in the underlying Motion.

adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court, there being no unresolved objections; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, and pursuant to the Debtor's representation, Infrahealth will provide its services at no cost to the estate. Infrahealth is a related entity to the Debtor..

2. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. With respect to the Infrahealth Contract, the Debtor has met all requirements of Section 365(b) of the Bankruptcy Code.

4. Pursuant to section 365 of the Bankruptcy Code, the Infrahealth Contract attached to the Motion is hereby assumed by the Debtor.

5. Debtor shall pay the Cure Costs indicated below, and relating to an assumed Contract within ten (10) days after the date on which each such Contract is deemed assumed.

| Name and Address | Cure Amount |
|---|---|
| Infrahealth | 0 |

The Debtor is authorized and directed to pay the Cure Costs in accordance with the terms of this Order.

6. Payment of the Cure Costs will be in full and final satisfaction of any and all defaults under the Contracts, whether monetary or non-monetary. Infrahealth hereby is forever barred, estopped and permanently enjoined from asserting against the Debtor, the estate, and their successors or assigns or the property of any of them, any default based on all known and unknown facts and circumstances existing as of the date of the Hearing.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; or (iii) a waiver

of any claims or causes of action that may exist against any creditor or interest holder.

8. The Infrahealth Contract remains in full force and effect for the benefit of Debtor and its estate.

9. The Debtor is authorized to take any and all action necessary to effectuate the relief granted in this Order.

10. The findings of fact and conclusions of law stated herein will constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later will be determined to be a conclusion of law, it will be so deemed, and to the extent any conclusion of law later will be determined to be a finding of fact, it will be so deemed.

11. This Court shall retain jurisdiction to interpret and enforce this Order and enter such further Orders necessary to effectuate the terms of this Order.

12. This Order shall be effective immediately, notwithstanding any procedural provision in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the relevant local rules or otherwise.